[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS ON PETITIONS FOR TERMINATION OF PARENTAL RIGHTS
The dates of birth of the children are Robert Trombley, October 11, 1981; Shelly Trombley, February 12, 1985; and, Sherry Bagot, August 2, 1982. The parents of the children are Diane Bagot and Robert Trombley, last of Manchester, and present whereabouts unknown. D.C.Y.S. has been involved with the family since 1987; on January 7, 1988, following "a default hearing, guardianship of the three children was granted to D.C.Y.S. through the Hartford Probate Court. Since that time the children have been placed in a number of different foster homes.
Co-terminus petitions were filed in this court on June 24, 1991. On July 23, 1991, service was confirmed on mother and father by publication. On that date, denials of the neglect allegations (abandonment) were entered on behalf of the non-appearing parents on the basis that D.C.Y.S. had legal guardianship through the Probate Court since January 7, 1988. The court advised D.C.Y.S. to secure an ending of the Probate order of custody/guardianship to permit an adjudication on the neglect petitions. D.C.Y.S. filed a resignation of guardianship in the Probate Court, and that court entered a decree (9/30/91) accepting said resignation and stating that upon the Superior Court's acceptance of jurisdiction, the Probate Court would decline to appoint a successor Guardian and close its file. On October 1, 1991 this court exercised its jurisdiction, consistent with the Probate Court decree, and evidence was taken on the co-terminus petitions; based on the evidence, CT Page 10697 all three children were adjudicated neglected in that they had been abandoned by the parents, and the court reserved its findings on the termination petitions.
Each of the three termination petitions alleges identical grounds as to both parents: General Statutes Section 17a-112 (formerly Section 17-43a) (b)(1), (2)(3) and (4). Neither parent appeared for trial. Included in the evidence presented was the DCYS Social Study Regarding Termination Of Parental Rights and the Report of The Attorney For The Minor Children. The petitioner presented the testimony of the current social worker responsible for the files on these children; the history of the family with the agency was detailed from 1987 to the present. Visitation by the parents with the children has been extremely sporatic; the mother has not visited the children since the early summer of 1990, and, although the father telephonically contacted DCYS in March of this year, there had been no prior contact from September, 1989.
The court finds, by clear and convincing evidence, that termination is in the best interests of each of the three children, and that over an extended period of time of not less than one year, each child has been abandoned by both parents in the sense that both parents failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of each child; that each child has been denied by reason of acts of omission by both parents the care, guidance or control necessary for each child's physical, educational, moral or emotional well being; and, that there is no ongoing parent-child relationship with respect to both the father and the mother, and each of the children, which is defined as the relationship that ordinarily develops as a result of a parent having met on a continuing day to day basis the physical, emotional, moral and educational needs of the child, and that to allow further time for the establishment or reestablishment of such parent-child relationship would be detrimental to the best interests of each of these three children.[1]
The court has considered, carefully, the factors set forth in 17a-112(d)(1) through (6), and hereby finds, applying a clear and convincing standard, the following:
(1) Timeliness, nature and extent of services offered or provided to the parents and the children by an agency to facilitate the reunion of the children with the parents.
Since obtaining guardianship of the children, DCYS has worked with the parents and been available to the CT Page 10698 parents, undertaking to have the parents maintain contact, and develop a relationship, with the children. Parents cooperation was marginal during the earlier years, and at many times far less than marginal. Visitation and contact with the children has been sporatic and, more recently, non-existent.
(2) Terms of any applicable court order entered into and agreed upon by an individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.
This is inapplicable as the guardianships were obtained by DCYS through the Probate Court and there were no specific expectations formally set; however, as stated, the agency has worked with the parents to maintain visitation by them with the children since 1988.
(3) Feelings and emotional ties of each of the children with respect to each parent, any guardian of his or her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.
On March 16, 1990, Robert Trombley, Jr., and Sherry Bagot were placed in a legal risk adoptive home by D.C.Y.S, contracted out with Child and Family Services. Robert, age 10, is a quiet, well mannered child who is not verbally expressive of his feelings; he seems to have acclimated himself to his new surroundings. The child, according to his attorney, has little positive to say about his natural parents, has little desire to see either of them, and does not wish to be moved to another foster home. Robert wishes to be permanently placed with his present foster parents, and would like to be adopted when his natural parents' rights are terminated.
Sherry is a friendly, outgoing 9 year old, who also indicated she would like to be adopted by her present foster parents. She has more positive memories of her mother and would like to see her mother, and live with her, if possible; the child, however, indicated to her attorney that although she would like to see her mother again, she would prefer to live with her present foster parents with the hope that they would become her adoptive parents.
Shelly Trombley, age 6, is an outgoing, vibrant, loving youngster who is doing quite well, and who is quite comfortable, with her present foster parents (the foster family that once provided care for all three children). The child has some memories of her mother, but although she CT Page 10699 expressed a desire to see her mother again, she would like her present foster parents to adopt her.
The report from the attorney for the children states that none of them expressed any desire to see their father again, and the two girls indicated they have little memory of him.
(4) The ages of the children
Robert Trombley's date of birth is October 11, 1981; he is ten years old.
Shelly Trombley's date of birth is February 12, 1985; she is six years old.
Sherry Bagot's date of birth is August 2, 1982; she is nine years old.
Given the ages of these three children, permanency through adoption in the immediate future is imperative.
(5) The efforts the parents have made to adjust their circumstances, conduct and conditions to make it in the best interests of these children to return to his/her home in the foreseeable future, including, but not limited to, (A) the extent to which [each] parent has maintained contact with the children as part of an effort to reunite the children with the parent[s], provided the court may give weight to incidental visitations, communications, or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.
Visitation and contact by the parents with these three children have gone from sporatic to non-existent. Despite the efforts of D.C.Y.S. to effectuate visitation and work towards a reuniting of the children with the parents, there has been no regular, sustained contact, cooperation, or communication with the guardian, or any other custodian of. these children.
(6) The extent to which [either] parent has been prevented from maintaining a meaningful relationship with the children by the unreasonable-act or conduct of the other parent of the children, or the unreasonable action of any other person or by the economic circumstances of [either] parent.
Neither parent has been prevented in any way, or by anyone, from appropriately communicating with the children, CT Page 10700 from having appropriate contact with the children, or from maintaining a meaningful relationship with the children.
The petitioner has met its burden of proof by clear and convincing evidence. Termination is in the best interests of each of these children, and said interests will clearly by served by safe, stable, secure, permanent home placements; consideration as permanent placements for the children has been requested by the foster parents.
The petitions to terminate the parental rights of the mother and of the father to each of these three children are hereby Granted; and, the Commissioner of the Department of Children and Youth Services is appointed Statutory Parent for each of the said children.
MULCAHY, J.
Footnote